IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.J. PLASTIC PRODUCTS, INC.,
a division of Koller
Enterprises, Inc.,

        Plaintiff,

        v.                         Case No. 04-2267-CM/DJW

SANDRETTO USA, INC.,

        Defendant.

## JOINT CONFIDENTIALITY AND PROTECTIVE ORDER

This matter comes before the Court upon the joint application of the parties to enter a Confidentiality and Protective Order. The parties advise the Court that they have resolved their disagreement over the protective order language and now jointly request that the Court enter the following confidentiality and protective order, and it appearing to the Court that:

        A.        The parties are engaged in discovery in this case which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

        B.        In the course of discovery, confidential documents and/or information may be used by the parties or other persons or entities;

        C.        Specifically, the confidential documents and/or information referenced above may contain information about the parties' building and equipment purchases, modifications and repairs, its revenue,

expenses, profits, financial status and income tax returns, the parties' customers, manufacturing processes, past and present employees, and information about defendants' transactions with plaintiff, provided that this predicate language does not result in a waiver of objections to discovery;

      D.      The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

      E.      The parties have applied to the court for a Confidentiality and Protective Order, limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto;

      F.      Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosures and use of information and documents for good cause;

      G.      Good cause exists for the issuance of a Confidentiality and Protective Order; and

      H.      Specifically, good cause exists in that discovery may result in the production of materials that are confidential, proprietary and/or trade secrets, which, if not protected by an appropriate protective order, will result in the potential for damage to one or more of the parties.  In addition, good cause exists, because the entry of such a protective order will permit discovery with less likelihood of disputes about confidentiality which would otherwise hinder the discovery process.

      **IT IS ORDERED** that:

      1.      The following definitions shall apply for purposes of this Confidentiality and Protective Order (hereinafter "Order"):

      a.      The term "CONFIDENTIAL MATERIAL" shall mean any and all medical information, financial information, business operations information and employment

        or personnel information or documents related to parties, current or former employees of parties, or witnesses it this case.

    b.    The term "Person" shall mean any natural person and any corporation, partnership, association or other entity.

    c.    The term `Party" shall mean Plaintiff A.J. Plastic Products, Inc., and Defendant Sandretto USA, Inc., and any other person who may become a named party to this matter.

2.    In connection with discovery proceedings in this action, a Party (or third-party required to provide discovery in this action) may designate any document, thing, material, portion of transcripts or videotapes of depositions or other testimony, or other information derived therefrom, or response to discovery (including answers to interrogatories and discovery requests), as "CONFIDENTIAL MATERIALS" under the terms of this Order.

3.    Confidential documents shall be so designated by stamping copies of the documents produced to a Party with the legal "CONFIDENTIAL," unless such designation is successfully challenged pursuant to paragraph 10 below. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL," unless otherwise indicated by the designating party. All copies, prints or other reproductions, summaries, notes, synopses or any other memorialization of CONFIDENTIAL MATERIALS, or the information contained therein, shall be deemed CONFIDENTIAL MATERIALS subject to this Order.

4.    In the event any Party (or third-party required to provide discovery in this action) produces its files and records and the inspecting party desires to inspect them, no confidential designation

need be made by the parties in advance of said inspection. For purposes of the inspection, all material produced shall be considered as having been designated "CONFIDENTIAL MATERIAL," and the provision of such documents for review shall not be deemed to be an admission or waiver by the producing party of the confidentiality or non-confidentiality of any such documents. Thereafter, upon selection of specified documents by the inspecting party for copying, the producing party shall mark as "CONFIDENTIAL" the copies of documents it desires to be subject to this Order prior to copying and further production. Moreover, to the extent that any such documents or portions thereof contain privileged or other matters subject to objections by the producing party, no such privilege or other objection. shall be waived by such initial disclosure prior to copying.

5. Except with the prior written consent of the designating party, or by order of the court, CONFIDENTIAL MATERIAL, may not be disclosed to any person other than:

    a. A Party, including any officer, director, employee, agent, or representative of or attorney for a Party;

    b. Witnesses being interviewed or deposed as necessary for the prosecution or defense of this matter;

    c. The judges presiding in this matter, the judges' staff members, and such employees of the court as directed by the judge.

6. The individuals designated below are subject to this Order:

    a. Counsel of record for a Party and their legal associates, paralegals, and office staff;

      b.      Outside experts, consultants, advisors and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case; and

      c.      Witnesses being interviewed or deposed,

      7.      All CONFIDENTIAL MATERIAL shall be used and disclosed solely for the purposes of the preparation and trial of this matter and shall not be used or disclosed for any other purpose, unless ordered by this court, or another court or any administrative agency having jurisdiction in this action. Each Person to whom CONFIDENTIAL MATERIAL is to be furnished, shown or disclosed will use CONFIDENTIAL MATERIAL solely for purposes of this action and will not communicate the information, directly or indirectly, to any other Person.

      8.      The parties may move to request that CONFIDENTIAL MATERIALS which are set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings filed under seal upon the required showing of public or private harm.

      9.      Nothing in this Order shall:

      a.      Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

      b.      Preclude any Party from seeking any further or additional protection for CONFIDENTIAL MATERIAL not provided in this Order.

      10.  Plaintiff's Interrogatory 1, requests information regarding the current owner of the Sandretto machine delivered to Plaintiff in August 2003. The parties agree that Sandretto will provide to plaintiff's counsel, the identity and contact information concerning the current owner of that Sandretto press

(referred to by the parties as "the third press"). The parties recognize that a current customer relationship exists which could be disrupted. Accordingly, Plaintiff's counsel themselves (not any other representative of plaintiff) may contact such person, in writing, with a copy simultaneously transmitted to Sandretto's counsel, Mr. Buchanan. Either party may depose such purchaser. The parties further agree that no reference to the currently pending fraud allegations will be made.

        11.    Plaintiff's Interrogatory 4, seeks information concerning other purchasers and users of Sandretto equipment. Sandretto agrees that Plaintiff's counsel may review reasonably available records regarding other customers purchases of Sandretto equipment. All copies of purchase records made as a result of that review will be deemed CONFIDENTIAL materials under the terms of this Protective Order, and a copy provided to Sandretto's counsel. The parties recognize that current customer relationships exist which could be disrupted. Accordingly, whether Plaintiff's attorney makes copies of materials or notes regarding customers, Plaintiff's counsel themselves (not any other representative of plaintiff) may contact such persons identified, in writing, with seven (7) days advance written notice to Sandretto's counsel, Mr. Buchanan. Such customers may be subject to deposition if requested by either party, unless separate objection and protective order is sought. The parties further agree that no reference in any such contacts or deposition to the currently pending fraud allegations will be made.

        12.    Any party may challenge the producing party's designation of any documents, materials, or other information as CONFIDENTIAL MATERIALS. Such challenge shall be made by letter from the challenging party's counsel to the producing party's counsel or to the producing party, if that party is not known to be represented. Such challenge shall be initiated no later than forty-five (45) days prior to the close of discovery, but a challenge shall be initiated within ten (10) days of the receipt of

confidential materials received after that deadline. After a challenge is initiated, the parties then shall confer in good faith in an effort to resolve any dispute concerning wither the materials have been properly designated as "CONFIDENTIAL." Any such dispute which cannot be resolved by such good-faith discussion may be presented to the Court for resolution by motion by the producing party for a protective order or by the challenging party by motion to compel production.

      13. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure impose by this Order. Within 60 days of such final resolution, each Party who received Confidential Discovery Material shall, as its option, either:

      a. Return all copies thereof, including any copies in the hands of outside experts or consultants, to the producing party, or;

      b. Furnish to the producing party a certificate signed by its attorneys stating that all such copies have been collected and destroyed.

Further, all information protected by this Order which has been placed in any computer data base shall be completely erased, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period.

      14. Any notice to a Party required by this Order may be given by notifying that Party's counsel of records in this matter. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case.

      15. Nothing in this Order shall deprive the Court of its authority to determine whether materials should be protected under Fed.R.Civ.P. 26(g), and the designation of materials as confidential by one of the parties is not evidence that such materials are, in fact, entitled to protection.

16. This Order shall not be modified, vacated, suspended, appealed or otherwise altered without further order of the Court. Use of any CONFIDENTIAL MATERIALS in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order with respect to such CONFIDENTIAL MATERIALS. This Court shall retain jurisdiction to enforce this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions, and this action may be reopened for purposes of enforcing this Order, upon written motion and notice by either party. Any violation of this Order by any Person subject to its terms may be treated as contempt of court or may otherwise be punished as authorized by applicable law.

17. Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

18. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. Certain information, materials and depositions are expressly permitted by this Order; except as expressly provided, the terms of this Order shall not constitute a waiver of any objection or position by any party hereto.

19. In the event any one or more of the provisions contained in this Order shall be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Order, but this Order shall be construed as if such invalid, illegal or unenforceable provision were not contained herein. Further, in the event any provision of this Order shall be held to be unenforceable by limitation thereof, such provision shall be deemed to be amended to the

minimum extent necessary to render it enforceable under the laws of the jurisdiction in which enforcement is sought.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Submitted by:

**McDOWELL, RICE, SMITH & BUCHANAN**
   *A Professional Corporation*

By:    /s/ Thomas R. Buchanan
Thomas R. Buchanan    KS 10572
Jason L. Buchanan            KS 20815
Skelly Building, Suite 350
605 W. 47th Street
Kansas City, Missouri  64112-1905
Telephone:  (816) 753-5400
Facsimile: (816) 753-9996

and of counsel

Russell L. Schetroma
CULBERTSON, WEISS, SCHETROMA
       & SCHUG, P.C.
Suite 200, 201 Chestnut Street
Meadville, Pennsylvania 16335
Telephone:  (814) 336-6400

ATTORNEYS FOR DEFENDANT

And

**GREGORY V. BLUME**

_____

Gregory V. Blume    KS #8659
7199 West 98th Terrace, Suite 130
Overland Park, Kansas 66212
(913) 341-2369

**YEAGER LAW FIRM, L.L.C.**

_____

B. Joyce Yeager       KS #18932
Building 7, Suite 220,
7270 W. 98th Terrace
Overland Park, Kansas 66212
(913) 646-6673
Facsimile: (913) 648-6921
ATTORNEYS FOR PLAINTIFF