DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

A. J. PLASTIC PRODUCTS, INC.,

                            **Plaintiff,**

                                                      **CIVIL ACTION**

v.

                                                      **04-2267-DJW**

**SANDRETTO USA, INC.,**

                            **Defendant.**

## MEMORANDUM AND ORDER

A hearing was held on February 14, 2006 regarding the following motions: Plaintiff's Motion to Amend Complaint (doc. 70); Defendant's request to file a counterclaim (doc. 76);[1] Defendant's Motion to Leave Open Time to Seek Enforcement of Discovery (doc. 202); Defendant's Motion to Compel Plaintiff to Produce Financial Records (doc. 220); and the parties' Joint Motion to Extend Dispositive Motion Deadline and Set Briefing Schedule (doc. 221).

Plaintiff appeared through counsel Gregory V. Blume. Defendant appeared through counsel Thomas R. Buchanan and Jason Buchanan. This Order will memorialize and supplement the Court's oral rulings.

**I.     Plaintiff's Motion to Amend Complaint**

Plaintiff filed its motion to amend on May 26, 2005. The Scheduling Order[2] deadline for filing such

---

[1]This request is contained within the text of Defendant's opposition to Plaintiff's Motion to Amend, and it is not docketed as a motion. The Court will, however, construe Defendant's request as a motion.

[2]Scheduling Order (doc. 20), ¶3.a.

motions was January 14, 2005.

Federal Rule of Civil Procedure 15(a) provides that, after the permissive period, a party may amend its pleadings "only by leave of court or by written consent of the adverse party." The decision whether to allow a proposed amendment lies within the sound discretion of the court.[3] "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay."[4] In addition, if the motion is filed after the Scheduling Order deadline, as here, the moving party must show good cause for allowing the amendment out of time.[5] To establish good cause, the moving party must show that the deadline "could not have been met with diligence."[6]

Plaintiff does not explain why its Motion to Amend was filed more than four months after the Scheduling Order deadline had expired. Plaintiff merely states: "Discovery in this matter has been ongoing and additional interviews of employees and non-parties, as well as the production of documentation by the parties, has led to additional information concerning the claims and defenses of the parties."[7]

The Court finds that Plaintiff has failed to show that the Scheduling Order deadline could not have been met with diligence. Plaintiff has therefore failed to establish good cause for allowing the amendment out of time. Accordingly, the Court will deny the Motion to Amend.

---

[3]*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir.1995).

[4]*Id.* at 1495.

[5]*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir.1990).

[6]*Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

[7]Pl.'s Mot. to Amend (doc. 70) at p. 1.

## II.  Defendant's Request to File Counterclaim

In its response to the Motion to Amend,[8] Defendant requests that it be allowed to file a counterclaim in the event the Court grants Plaintiff leave to amend. As the Court is denying Plaintiff's Motion to Amend, Defendant's request is moot.

## III.  Defendant's Motion to Leave Open Time to Seek Enforcement of Discovery

In this motion, Defendant requests until February 7, 2006 to file a motion to compel Plaintiff to produce certain financial records. At the hearing, Defendant indicated that it was unable to file the motion to compel on February 7 because the parties were in depositions that day and that Defendant had filed the motion to compel on February 8. Defendant orally requested at the hearing that it be given an additional one-day retroactive extension of time, through February 8, to file the motion to compel.

The Court will grant both Defendant's written and oral motion. Defendant is granted a retroactive extension of time, through and until February 8, 2006, within which to file a motion to compel regarding the requested financial statements.

## IV.  Defendant's Motion to Compel Plaintiff to Produce Financial Records

The parties indicated at the hearing that they may be able to resolve this motion. Defendant shall notify the Court by **February 22, 2006** whether the motion is moot. If the motion is not moot, Plaintiff shall file its response to the Motion to Compel by March 8, 2006.

## V.  Joint Motion to Extend Dispositive Motion Deadline and Set Briefing Schedule

The Court grants this motion and vacates the current schedule for the filing of dispositive motions

---

[8]Def.'s Mem. in Opp. to Mot. to Amend (doc. 76).

3

and motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law.  In addition, the Court vacates the May 22, 2006 trial setting.  After the Court has reviewed Defendant's Motion to Dismiss Count III and Plaintiff's Claims for Attorney Fees (doc. 37), the Court will schedule the case for a telephone conference to set new deadlines and a new trial date.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (doc. 70) is denied.

**IT IS FURTHER ORDERED** that Defendant's request to file a counterclaim (doc. 76) is deemed moot.

**IT IS FURTHER ORDERED**  that Defendant's Motion to Leave Open Time to Seek Enforcement of Discovery (doc. 202) and oral motion for an additional one-day retroactive extension of time are granted.

**IT IS FURTHER ORDERED** that Defendant shall notify the Court by **February 22, 2006** whether Defendant's Motion to Compel Plaintiff to Produce Financial Records (doc. 220) is moot.  If the motion is not moot, Plaintiff shall file its response to the Motion to Compel by March 8, 2006.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Extend Dispositive Motion Deadline and Set Briefing Schedule (doc. 221) is granted.

**IT IS FURTHER ORDERED** that the deadlines for filing dispositive motions and motions to exclude expert testimony, in addition to the May 22, 2006 trial setting, are vacated, and new deadlines and a new trial setting will be entered at a later date.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of February 2006.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:   All counsel and pro se parties