DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**A. J. PLASTIC PRODUCTS, INC.,**

                           **Plaintiff,**

                                          **CIVIL ACTION**

**v.**

                                        **04-2267-DJW**

**SANDRETTO USA, INC.,**

                         **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Reconsider (doc. 224). Plaintiff seeks reconsideration of the Court's February 16, 2006 Order (doc. 223) denying Plaintiff's Motion to Amend Complaint (doc. 70).

**I.      Background Information**

Plaintiff filed its Motion to Amend Complaint on May 26, 2005. Plaintiff's motion did not include a "concise statement of the amendment" as required by D. Kan. Rule 15.1. Plaintiff merely stated that discovery had led to "additional information concerning the claims and defenses of the parties," and that "[n]o additional issues are raised in the amended complaint."[1]

At the February 14, 2006 Pretrial Conference and Motion Hearing, the Court orally denied Plaintiff's Motion to Amend. The Court then issued a written order memorializing its ruling on February 16, 2006.

As stated in the Court's February 16, 2006 Order, the Court denied Plaintiff's Motion to Amend

---

[1]Pl.'s Mot. to Amend (doc. 70), ¶¶ 1 & 5, at p. 1.

because the motion was filed more than four months after the expiration of the Scheduling Order deadline for filing motions to amend.[2]  The Court applied well established case law from this circuit which holds that a party who moves to amend after the Scheduling Order deadline has passed must show good cause for allowing the amendment out of time.[3]  To establish good cause, the movant must show that the deadline "could not have been met with diligence."[4]

Applying that standard, the Court examined Plaintiff's motion to determine whether Plaintiff had established it could not have met the January 14, 2005 deadline, even with diligence.  As the Court noted in its Order, Plaintiff did not explain why it sought leave to amend at such late date.  Plaintiff merely stated: "Discovery in this matter has been ongoing and additional interviews of employees and non-parties, as well as the production of documentation by the parties, has led to additional information concerning the claims and defenses of the parties."[5]  The Court held that this conclusory assertion did not satisfy Plaintiff's burden to show good cause.

## II.      Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders  must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need

---

[2]*See* Scheduling Order (doc. 20), ¶3.a ("Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by January 14, 2005.").

[3]*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir.1990).

[4]*Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

[5]Pl.'s Mot. to Amend (doc. 70), ¶1 at p. 1.

to correct clear error or prevent manifest injustice."[6]   The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[7]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[8]  Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[9]  Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[10]

## III.    Analysis

Plaintiff seeks reconsideration on two grounds:   (1) new evidence is available; and (2) reconsideration is necessary to correct clear error and prevent manifest injustice.

### A.       The Availability of New Evidence

The "new evidence" that Plaintiff argues supports his request for reconsideration is a document

---

[6]The Tenth Circuit has adopted the same standard.  *See, e.g., Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[7]*Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[8]*Servants,* 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority,* 221 F.R.D. 661, 664 (D. Kan. 2004).

[9]*Sonnino,* 221 F.R.D. at 664  (citing *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[10]*Servants,* 204 F.3d at 1012; *Sonnino,* 221 F.R.D. at 664.

which Defendant produced to Plaintiff on February 3, 2006.[11]  It is an e-mail from one of Defendant's employees, Gerry Singer, to an employee of a related company.  The e-mail, which is dated September 16, 2003, states in pertinent part:

> [Sandretto USA] recently delivered a SMTEF 610/6435 press to AJ Plastics.  This press order was cancelled due to lingering problems with the 2 other Sandretto's at AJ.  I convinced the owner to accept delivery of this press as we sorted out our problems as well as theirs.  Honestly many issues were created by them not Sandretto.  I just needed time to point out their problems while solving ours.  I agreed to a extended payment skip while we worked out the issues and the option to return the new press if they where [sic] not satified [sic] at the end of the discovery and rectification period.[12]

Plaintiff argues that this "new evidence" discredits Defendant's assertions that Defendant does not understand and cannot defend against Plaintiff's fraud claims because Plaintiff has failed to plead those claims with particularity as required by Federal Rule of Civil Procedure 9(b).  Apparently, Plaintiff's proposed amendment was an attempt to plead its fraud claims with more particularity, although that is not clear to the Court, as Plaintiff's Motion to Amend failed to contain the requisite "concise statement" of the proposed amendment.

Plaintiff focuses on Mr. Singer's statements that "the press was cancelled due to lingering problems" and that Mr. Singer "convinced the owner to accept delivery of this press."  Plaintiff contends that these statements demonstrate Mr. Singer knew of problems with the presses and that he was aware of "this 'convincing' process" before the lawsuit was filed.  According to Plaintiff, Defendant should not be allowed to assert that it is unable to defend itself against Plaintiff's fraud allegations because the alleged

---

[11] *See* Ex. 1 to Pl.'s Mot. to Reconsider (doc. 224).

[12] *Id.*

4

misrepresentations have not been pled with particularity. Apparently, Plaintiff is arguing that the untimeliness of its motion to amend should be forgiven, as Defendant already had knowledge of the alleged fraud.

The Court is not persuaded by this argument. While this e-mail may be "new evidence," it is not evidence that would necessitate this Court setting aside its Order. The e-mail does not demonstrate that Defendant had knowledge of any ongoing fraud. Even if it did establish some knowledge on Defendant's part, such knowledge would not excuse Plaintiff from having to plead fraud with particularity as required by Rule 9(b) nor would it excuse Plaintiff's dilatory filing of the motion to amend.

In sum, the Court does not find that this "new evidence" warrants reconsideration of the Court's ruling. The Court will therefore deny reconsideration on this basis.

### B.    The Need to Correct Clear Error and Prevent Manifest Injustice

Plaintiff makes three arguments with respect to the need to correct clear error and prevent manifest injustice. First, Plaintiff argues that it was only through discovery conducted *after its Motion to Amend was filed* that Plaintiff was able to discover the identities of the two salesmen of Defendant who made the alleged misrepresentations. The Court finds this argument to be misguided. It does not address the basis for the Court's ruling, i.e., that *at the time Plaintiff moved to amend* it failed to show why it could not have met the January 14, 2005 deadline. The fact that Plaintiff discovered the identities of these individuals *after* it filed the Motion to Amend does not explain why Plaintiff delayed in filing its motion.

Secondly, Plaintiff argues that it was manifestly unfair for the Court to deny the Motion to Amend as untimely when the Court itself took months to rule on the Motion. The Court finds this argument

5

meritless.  Plaintiff had an obligation to file its motion by the Scheduling Order deadline, and if it could not do so, it was required to show why it could not meet that deadline.  Plaintiff never even attempted to make such a showing.  And even now, Plaintiff has not shown why it did not meet the deadline.  Plaintiff fails to explain how the Court's delay in ruling on the Motion resulted in any injustice or error.

Finally, Plaintiff argues that the Court erred "in not taking into account that the Plaintiff was allowed to file the first amended petition 60 days after the scheduling order deadline so the delay was not four months."[13]  Plaintiff is apparently referring to the fact that the Court granted Defendant's Motion for More Definite Statement and ordered Plaintiff to amend its Complaint on February 28, 2005,[14] which was approximately two months after the deadline for filing motions to amend.  The Court fails to see how the granting of Defendant's request for a more definite statement and allowing Plaintiff to file an amended complaint after the expiration of the deadline somehow obligated the Court to give Plaintiff yet another opportunity to amend after the deadline.  This argument simply is not logical.

## IV.    Conclusion

Having considered all of Plaintiff's arguments, the Court cannot find that Plaintiff has presented any basis upon which the Court should reconsider its February 16, 2006 Order denying Plaintiff's Motion to Amend.  Plaintiff's Motion to Reconsider will therefore be denied.

---

[13]Pl.'s Mot. to Reconsider (doc. 224) at p. 3.

[14]See Feb. 28, 2005 Order (doc.  29).

6

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (doc. 224) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 10th day of March 2006.


s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:     All counsel and pro se parties

7