DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**A. J. PLASTIC PRODUCTS, INC.,**

**Plaintiff,**

**CIVIL ACTION**

**v.**

**04-2267-DJW**

**SANDRETTO USA, INC.,**

**Defendant.**

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (doc. 37). Defendant moves to dismiss Plaintiff's fraud claims, which are contained in Count III of Plaintiff's First Amended Complaint. Defendant also moves to dismiss Plaintiff's claims for attorney fees, which are asserted in connection with Plaintiff's claims for breach of contract (Count I), negligent misrepresentation (Count II), and fraud (Count III).

For the reasons set forth below, the Court will grant Defendant's motion as to Plaintiff's fraud claims. The Court finds the motion is moot as to Plaintiff's claims for attorney fees.

I.      **Background Information**

This case arises out of Plaintiff's purchase of three commercial plastics molding presses from Defendant. Plaintiff filed its initial Complaint (doc. 1) on June 9, 2004. The initial Complaint pled causes of action for breach of contract, negligent misrepresentation, and fraud, stemming from Plaintiff's purchase of the presses. On September 30, 2004, Defendant filed a Motion for More Definite Statement (doc. 7), asserting that the fraud claims pled in Count III of the Complaint lacked the required particularity as to who made the alleged representations, when or how they were made, the substance of the representations, and

what harm resulted from them.  The Court granted Defendant's motion, ruling that Defendant was entitled to a more particular pleading of Plaintiff's fraud claims, as required by Federal Rule of Civil Procedure 9(b)[1].  The Court granted Plaintiff leave to file an amended complaint to plead its fraud claims with the requisite particularity.

Plaintiff filed its First Amended Complaint (doc. 33) on March 14, 2005.  Defendant subsequently filed the instant Motion to Dismiss.  Plaintiff then filed a Motion to Amend the Complaint (doc. 70).  On February 16, 2006, the Court denied Plaintiff's Motion to Amend, finding that it was untimely and that Plaintiff had provided no explanation for filing it more than four months after the expiration of the Scheduling Order deadline for filing motions to amend.[2]

## II.     Motion to Dismiss Plaintiff's Fraud Claims

### A.     Applicable Law

Defendant moves to dismiss Plaintiff's fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure for failure to plead fraud with particularity.  Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[3]  More specifically, the Tenth Circuit "requires a complaint alleging fraud 'to set forth the time, place and content of [each] allegedly false representation, the identity of the party making the false statements, and the

---

[1]*See* Feb. 28, 2005 Mem. and Order (doc. 29).

[2]*See* Feb. 16, 2006 Mem. and Order (doc. 223).

[3]Fed. R. Civ. P. 9(b).

2

consequences thereof.'"[4]   Simply put, this means the party alleging fraud must set out the "who, what, when, where, and how" of each alleged misrepresentation or fraudulent act.[5]

In this circuit, the dismissal of a complaint for failure to satisfy Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6).[6]  Thus, a court's function in deciding whether to dismiss a claim for failure to comply with Rule 9(b) is to determine whether the claim itself is legally sufficient; a court may not dismiss at the pleading stage of the action by weighing the evidence that might be presented or by otherwise considering the claimant's likelihood of success.[7]

The Tenth Circuit has held that Rule 9(b) must be read together with Rule 8, which requires a plain and concise statement of the claim.[8]  Although a plaintiff must allege the specific acts comprising the fraud with particularity, the plaintiff need not plead detailed evidentiary matters.[9]  The main purpose of the Rule is to apprise the defendant of the statements or acts that form the basis of the fraud claim so that the defendant has sufficient notice of the misconduct alleged against it to adequately answer and otherwise

---

[4]*Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2002) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir 1991)).

[5]*In re Urethane Antitrust Litig.,* 409 F. Supp. 2d 1275, 1284-85 (D. Kan. 2006); *Jackson v. John Hancock Fin. Servs., Inc.,* No. Civ. A. 04-2500-CM, 2005 WL 2293603, at *5 (D. Kan. Sep. 20, 2005) (citations omitted); *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001).

[6]*Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 & n.5 (10th Cir. 1997) (citing *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986)).

[7]*Seattle-First Nat'l Bank*, 800 F.2d at 1011.

[8]*Id.* at 1010.

[9]*NL Indus., Inc. v. Gulf & W. Indus.*, 650 F.Supp. 1115, 1130 (D. Kan. 1986).

defend itself.[10]  The Rule does not permit a complainant to file suit first, and subsequently search for the facts giving rise to the cause of action.[11]

### B.      Analysis

Plaintiff's fraud claims are set forth in Count III of the First Amended Complaint.  Count III, however, contains only boilerplate language.  It alleges: (1) "Defendant and its agents and employees made untrue statements of facts concerning its capability, capacity, limitations, and its intent"; (2) "Defendant and its agents and employees knew the statements were false"; (3) Defendant and its agents and employees made the untrue statements with intent to deceive or with reckless disregard for the truth"; (4) "Plaintiff justifiably relied upon the statements by Defendant and its agents and employees"; (5) "The statements by Defendant and its agents and employees were material"; and (6) "The untrue statements made by Defendants and its agents and employees were the proximate cause of harm to Plaintiff."[12]

Clearly, these averments, alone, do not plead fraud with sufficient particularity.  They do not identify the time, place or content of any allegedly false representation nor do they identify the  party making the claimed misrepresentation or the manner in which the misrepresentation was made. These allegations also fail to describe the consequences of any alleged misrepresentation.  Count III does, however, incorporate

---

[10]*Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir. 1997).

[11]*Hayduk v. Lanna,* 775 F.2d 441, 443 (1st Cir. 1985) (quoting *Lopez v. Bulova Watch Co., Inc.*, 582 F.Supp. 755, 766 (D. R.I. 1984)); *MacAruthur v. San Juan County*, No. 00CV00584 BSJ, 2005 WL 3764933, at *71 (D. Utah June 13, 2005).

[12]First Am. Compl. (doc. 33), ¶¶ 99-104.

"the proceeding [sic]  paragraphs [of the First Amended Complaint] as if fully set forth herein."[13]

Consequently, the Court must examine each of the preceding paragraphs of the First Amended Complaint

to determine if the "'who, what, when, where, and how" of each alleged misrepresentation is pled.

The Court has carefully reviewed each paragraph of the First Amended Complaint.  The Court

does not find that any one claimed misrepresentation has been alleged with the required specificity.  For

some of the claimed misrepresentations the time is not identified, for some the place is not identified, for

some the content of the misrepresentation is not identified, and for some the identity of the party making

the representative is not provided.  For many, a combination of these elements is not provided.  In other

words, there is not one single misrepresentation for which all of the required elements have been pled.

For instance, paragraphs 8 and 9 of the First Amended Complaint allege:

8.      Defendant represented that its molding press was more reliable and energy efficient
than presses manufactured by other molding press manufacturers.

9.      Defendant and its agents and employees provided written material representing the
capacity and reliability of its molding presses.

With respect to the representation alleged in paragraph 8, Plaintiff does not assert when that

representation was made, which representative of Defendant made it, where it was made, or how it was

made.  With respect to the representation alleged in paragraph 9, Plaintiff does not identify the "agents and

representatives" of Defendant who provided the written material or when that material was provided.

Plaintiff also fails to allege the content of the representation.  Although Plaintiff avers that it was material

---

[13]*Id.*, ¶98.

"representing the capacity and reliability of its molding presses," Plaintiff fails to allege the untrue content of the material, i.e., what was stated about the capacity and reliability so as to make the material untrue.

Similarly, in paragraph 11 of the First Amended Complaint, Plaintiff fails to allege the required content of the claimed misrepresentation. Paragraph 11 alleges:

> In the late Fall of 1997, Plaintiff's representatives traveled to the place of business of Defendant.   Tony Firth, and agent, employee or representative of Defendant, made representations concerning Defendant's products, the machine being inspected, the reliability of the machine being inspected, and Defendant's ability to service the machine being inspected.   Defendant briefly demonstrated the machine.

Although Plaintiff specifically alleges that Tony Firth made representations in the late fall of 1997 at Defendant's place of business, Plaintiff fails to allege the content of the alleged representations.  Plaintiffs do not identify the particular representation made about Defendant's products or what was stated about the inspection, the reliability of the machine, or about Defendant's ability to service the machine.  In other words, the content is not described so as to allow Defendant to defend against the misrepresentations Mr. Firth allegedly made.

In paragraph 12, Plaintiff fails to allege who it was who made the claimed statements that the "machine would perform to Plaintiff's required specifications."  Plaintiff merely alleges that "Defendant's employees, representative, and agents" made the statements.  Plaintiff also fails to allege when and where these alleged statements were made.

Similarly, in paragraph 21, Plaintiff fails to allege who it was that represented "the molding press was capable of continuous and reliable operation at high volume, high speed productions levels" or who it was who made the representation that "the molding press was capable of high volume, high speed plastic

injection molding of drink cups."  Plaintiff merely claims that "Defendant, by and through its agents, representative and employees" made the first representation, and that "Defendant's agents, representatives and employees" made the second representation.  Furthermore, Plaintiff does not allege when, how, or where either of these two alleged representations were made.

Paragraph 23 is similarly lacking in specificity.  It avers that "Defendant, by and through its agents, representatives, and employees continued to represent that with proper repairs and the ongoing purchase of replacement parts, the machine would perform as represented."  This paragraph fails to allege when the representations were made, who made them, how they were made, and where they were made.

Paragraph 28 is also deficient in that it fails to allege who made the representation alleged therein.  Plaintiff avers only that its was "Defendant, by and through its agents and employees" who made the representation.  Also, Plaintiff fails to state with any specificity when the representation was made.  Plaintiff merely states that it was made "[o]n or about 2001."  Such a vague description of the time period is insufficient to satisfy Rule 9(b).  Plaintiff also fails to allege how and where the representation was made.

Similarly, paragraph 39 is lacking in particularity.  It alleges:  "Defendant periodically and continuously represented that Plaintiff was required to purchase repair and replacement parts."  Plaintiff does not allege who made these representations, when they were made, how they were made, or where they were made.  Furthermore, Plaintiff fails to even allege that these representations were false.

Other misrepresentations are alleged in the First Amended Complaint, but like the ones set forth above, they too are deficient because Plaintiff fails to allege the "who, what, when, where, and/or how" for each representation.  The Court does not find that there is a single alleged misrepresentation or other

7

alleged fraudulent act pled with the particularity needed to satisfy Rule 9(b).  As a result, Plaintiff's fraud claims must be dismissed for failure to plead with particularity.

Because dismissal of a fraud claim for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner.[14]  As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) are often without prejudice,[15] and courts will typically grant the plaintiff leave to amend to plead the asserted fraud with particularity.[16] Here, however, Plaintiff had already been directed to properly plead its fraud claims.  In its February 28, 2005 Memorandum and Order, the Court explained in detail the deficiencies in Plaintiff's initial Complaint.[17]  The Court granted Plaintiff leave to file an amended complaint that complied with the particularity requirements of Rule 9.  Plaintiff filed its First Amended Complaint, but made very few attempts to correct its defects.

---

[14]*Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986) ("The dismissal of a complaint or counterclaim for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Fed. [R.] Civ. P. 12(b)(6).").

[15]*Vess v. Ciba-Geigy,* 317 F.3d 1097, 1108 (9th Cir. 2003) (as with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) are ordinarily without prejudice.).

[16]*See, e.g, Jackson v. John Hancock Fin. Servs., Inc.,* No. Civ. A. 04-2500-CM, 2005 WL 2293603, at *11 (D. Kan. Sep. 20, 2005) (granting plaintiffs leave to amend after dismissing plaintiffs' securities fraud claims for failure to plead fraud with particularity); *Caceres v. Broadwing Commc'n Servs., Inc*., No. 04-4124-JAR, 2003 WL 21488288, at *1 (D. Kan. June 24, 2003) (granting plaintiff leave to amend complaint to comply with pleading requirements of Rule 9(b); *Farr v. Designer Phosphate & Premix Int'l, Inc*., No. 90-4180-S, 1991 WL 47401, at *3 (D. Kan. Mar. 27, 1991) ("[C]ourts freely grant leave to amend deficiencies in the complaint.").

[17]*See* Feb. 28, 2005 Mem. and Order (doc. 29), pp. 5-6.

While this Court typically allows parties to amend their pleadings within the time period set out in the Scheduling Order,[18] to allow Plaintiff a "third bite at the apple" runs contrary to the purpose of Rule 9(b). The Court therefore finds it appropriate to dismiss Plaintiff's fraud claims with prejudice.

### III.   Motion to Dismiss Plaintiff's Claims for Attorney Fees

Defendant moves to dismiss Plaintiff's claims for attorney fees, which Plaintiff seeks under each cause of action pled in its First Amended Complaint. The Court finds the motion to be moot, as no claims for attorney fees were asserted in the parties' Proposed Pretrial Order, which was submitted to the Court on February 9, 2006.[19]   Moreover, there was no discussion at the February 14, 2006 pretrial conference regarding Plaintiff making a claim for fees.

It is well settled that the pretrial order supercedes all pleadings and controls the subsequent course of the case.[20]   A claim that is asserted in the complaint, but not reasserted in the pretrial order is thus deemed abandoned.[21]   Consequently, the Court considers Plaintiff's claims for attorney fees to be

---

[18]As noted above, Plaintiff filed a motion seeking leave to amend after the instant Motion to Dismiss was filed. The Court denied the motion to amend (*see* doc. 223) on the basis that Plaintiff had filed the motion four months after the deadline for filing such motions and had failed to provide any explanation for its untimeliness.

[19]Section 10 of the Court's form pretrial order, which is entitled "Plaintiff's Damages," instructs the plaintiff to state "whether plaintiff claims an entitlement to attorneys' fees and, if so, [to state] the specific statutory or other basis for such fees." No such statement was included in Section 10 of the parties' Proposed Pretrial Order.

[20]*Spiess v. Fricke,* 386 F. Supp. 2d 1178, 1189 n.16 (D. Kan. 2005) (citing Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(d); *Wilson v. Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002); *Miller v. Pfizer Inc*., 196 F. Supp. 2d 1095, 1122 n. 92 (D. Kan. 2002)).

[21]*McMillen v. Drive Fin. Servs., L.P*, No. Civ. A. 03-2618-CM, 2005 WL 1041343, at *1 n.1 (continued...)

abandoned.  The motion to dismiss—to the extent it seeks dismissal of Plaintiff's claims for attorney fees—is therefore moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (doc. 37) is deemed moot to the extent Defendant seeks to dismiss Plaintiff's claims for attorney fees.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (doc. 37) is granted to the extent Defendant seeks to dismiss the fraud claims pled in Count III of Plaintiff's First Amended Complaint. Said claims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 10th day of March 2006.


s/ David J. Waxse

David J. Waxse
U. S. Magistrate Judge


cc:      All counsel and pro se parties

---

[21](...continued)
(D. Kan. Feb. 7, 2005).